Gaston, Judge.
 

 As the order appealed from was put into its present form for the purpose of getting the opinion of this Court, upon an interesting question of practice; and as the question has been here argued, and our minds are made up, we regret the disappointment we must cause to the parties by declining to decide it. But it seems to us that the appeal has been improvidently allowed, and that we cannot take cognizance of the matter brought up by the appeal. •
 

 The jurisdiction of this Court in regard to suits at law is wholly appellate, and confined to the correction of errors in law. Under the act of 1818,
 
 (Rev. c.
 
 962,) it was required that a final judgment should be rendered below, before an appeal could be taken to this Court. The act of 1831, c. 34, authorizes the judges of the Superior Courts, at their discretion, to permit appeals from interlocutory judgments. This act has not changed the nature of our jurisdiction, but only provided a new mode for its exercise. The jurisdiction of this Court is still .that of a court of errors, although, under the act of 1831, it may revise, before the rendition of a final judgment, such errors as under the act of 1818 could not have been brought before it until after final judgment. No new subjects for revision are contemplated by the act of 1831. Its only purpose seems to. be to prevent the delay of correcting error, and to save the inconvenience and expense of perseverance in it.
 

 The order appealed from is not in the nature of a judgment, final or interlocutory. It does not purport to be the sentence of the law pronounced upon the matters in con-testation between the parties, as appearing from their pleadings. It is a decision on a collateral motion, which however made, and whether right or wrong, does not enter into the record of the suit, nor affect with error the subsequent proceedings in it.
 

 
 *252
 
 If an appeal would lie in this ease, it might be brought upon the determination of any other of the innumerable rules and orders not affecting the legal merits of a cause, but incidental to the exercise of the Court’s general control over the management of the cause and over the conduct of its suitors.
 

 While we shall always cheerfully perform, to the best of our ability, every duty imposed upon the Court, we must take care to abstain from the exercise of every authority not granted to it. As the law has not, in our judgment, conferred on us the jurisdiction of revising the order made in the Court below, we cannot do so, although by permitting the appeal, his Honor has invited that revision from us.
 

 Per Curiam. Appeal dismissed.